IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN CHANDLER SVEDINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2563-SMY |
| | ) |
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jonathan Chandler Svedine filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge his conviction for criminal sexual assault in Clay County, Illinois (Doc. 1). Petitioner also filed a motion for recruitment of counsel (Doc. 3).

### Background[1]

This case is initially before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

On August 29, 2016, Svedine pled guilty to one count of criminal sexual assault in Clay County, Illinois and was sentenced to 6 years imprisonment followed by "not less than three years" of mandatory supervised release. *State of Ill. v. Svedine*, Case No. 2016-CF-48 (Clay County

---

[1] The Court takes judicial notice of the public court records from Svedine's underlying state criminal case. *State of Ill. v. Svedine*, Case No. 2016-CF-48 (Clay County Circuit Court). *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

Circuit Court, Aug. 29, 2016). In his Petition, Svedine alleges that he was questioned by police officers without the invocation of his right to remain silent under *Miranda v. Arizona*, 384 U.S. 436 (1966) and that there was witness tampering when "the victim was coerced by her father on her second statement" (Doc. 1, pp. 8, 14).

Given the limited record, it is not plainly apparent that Svedine is not entitled to habeas relief. Accordingly, without commenting on the merits of Svedine's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

### Motion for Recruitment of Counsel

Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

Although Svedine alleges that he has written to at least 6 lawyers without a response, he did not attach the letters to his motion. Moreover, it is not evident this habeas action is beyond Svedine's abilities given that he has already noted the issues that he wishes to raise. Therefore, his motion will be denied at this juncture.

### Disposition

The Clerk of Court is **DIRECTED** to mail a copy of this order to the Illinois Attorney

General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, IL 60601. Respondent is **DIRECTED** to respond to the Petition (to include all relevant portions of the record) within **THIRTY** (30) days.  The Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 10, 2023**

**STACI M. YANDLE**
**United States District Judge**