## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN CHANDLER SVEDINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 22-CV-2563-SMY |
| ) | |
| PEOPLE OF THE STATE OF ) | |
| ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jonathan Chandler Svedine, a state prisoner currently incarcerated at Big Muddy Correctional Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, requesting a full exoneration for his 2016 conviction for criminal sexual assault (Doc. 1). For the following reasons, the Petition is **DENIED.**

### Factual and Procedural Background[1]

In July 2016, Svedine was charged with two counts of criminal sexual assault in the Circuit Court of Clay, Illinois (Fourth Judicial Circuit). On August 29, 2016, Svedine entered a guilty plea to Count 2, and Count 1 was dismissed. Svedine was sentenced to 6 years of imprisonment, followed by 3 years to life of mandatory supervised release (Doc. 1, p. 21). According to the relevant state court dockets, Svedine did not appeal his conviction or sentence or file any petitions for post-conviction relief. Svedine filed the instant § 2254 petition on November 3, 2022 (Doc. 1), alleging various improprieties with his conviction that should result in a "full exoneration."

---

[1] The Court cites public judicial records and the exhibits attached by Respondent.

## Discussion

Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thus, Svedine had one year from the date on which his judgment became final to seek federal habeas relief.

Svedine's criminal judgment became final on September 28, 2016, upon the expiration of 30 days to file a motion to withdraw his guilty plea for his conviction in Clay County. Ill.S.Ct.R. 604(d). As such, the Petition herein, filed more than 5 years later, is untimely. Svedine asserts the delay in filing his Petition was due to a "Lack of knowledge with the law, didn't know I could obtain my trial file to review it." But this explanation does not constitute due diligence under 28 U.S.C. § 2244(d)(1)(D) or otherwise result in equitable tolling of the statute of limitations (Doc. 1, p. 7). *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("lack of legal expertise is not a basis for invoking equitable tolling").

### Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED,** and this case is **DISMISSED with prejudice**. All pending motions are **TERMINATED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Buck v. Davis,* 137 S. Ct. 759, 773 (2017).

Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the timeliness of the Petition is correct. Accordingly, the Court denies a certificate of appealability. Svedine may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

DATED:  September 26, 2023

**STACI M. YANDLE**
**United States District Judge**